IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DANNY BRIDGEWATER, Individually and on behalf of all Others Similarly Situated; and COTY DAVID, Individually**                                  **PLAINTIFFS**

vs.                                No. 5:15-cv-975

**GES GLADIATOR ENERGY SERVICES TEXAS, LLC; LA CHEMICAL, LLC; and STEVEN "CLOY" GANTT, Individually and as an Officer of GES GLADIATOR ENERGY SERVICES TEXAS LLC, and LA CHEMICAL, LLC**                                  **DEFENDANTS**

## COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Danny Bridgewater, individually and on behalf of all others similarly situated, and Coty David, individually, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Complaint ("Complaint") against Defendants GES Gladiator Energy Services Texas, LLC, LA Chemical, LLC, and Steven "Cloy" Gantt (collectively referred to as "Defendants") do hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiff Danny Bridgewater on behalf of himself and all other Service Supervisors employed by Defendants, and an individual action filed by Coty David. All Plaintiffs allege violations of the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA").

2. Plaintiffs bring this action under the FLSA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendants' policies and practices of failing to pay each of them overtime wages.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II. THE PARTIES

4. Plaintiff Coty David ("David") is a resident and citizen of Webster Parish, Louisiana.

5. At all times relevant to this Complaint, David was employed by Defendants as a field worker.

6. Defendants misclassified David as exempt from overtime wages and paid him a salary.

7. Plaintiff Danny Bridgewater ("Bridgewater") is a resident and citizen of Harrison County, Texas.

8. At all times relevant to this Complaint, Bridgewater was employed by Defendants as a Service Supervisor.

9. Defendants misclassified Bridgewater and all other Service Supervisors as exempt from overtime wages and paid them a salary.

10. Defendant GES Gladiator Energy Services Texas, LLC ("Gladiator"), is a Texas limited liability company doing business in the State of Texas. Gladiator may be served through its registered agent for service of process, Golden P. Lauren, 6601

Blanco Road, Suite 150, San Antonio, Texas 78216.

11. Defendant LA Chemical, LLC ("LA Chemical") is a Louisiana limited liability company doing business in the State of Texas. LA Chemical may be served through its registered agent for service of process, Steven Cloy Gantt, 122 Horseshoe Lane, Athens, Louisiana 71003.

12. Defendant Steven "Cloy" Gantt is a member and officer of both corporate Defendants, Gladiator and LA Chemicals.

13. At all times relevant hereto, Defendant Steven "Cloy" Gantt had operational control over Gladiator and LA Chemicals.

14. At all times relevant hereto, Steven "Cloy" Gantt had the power to hire and fire employees of Gladiator and LA Chemicals, supervised employees of Gladiator and LA Chemicals, and set wages and wage policies for employees of Gladiator and LA Chemicals.

15. At all times relevant hereto, Defendants were Plaintiffs' employers and are and have been engaged in interstate commerce as that term is defined under the FLSA.

16. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight, and control over both, Gladiator and LA Chemical. Upon information and belief, there are no real, legitimate or other meaningful differences between the two entities-both of which are owned and operated by the same individual, Steven "Cloy" Gantt. As a result, all Defendants are responsible, both individually and jointly, for compliance with all applicable provisions of the FLSA.

## III. JURISDICTION AND VENUE

13. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

14. The acts complained of herein were committed and had their principal effect against Plaintiffs within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

16. Gladiator provides coil tubing completion services. Gladiator maintains places of business in Pleasanton, Texas; Midland, Texas; Catarina, Texas; Arcadia, Louisiana; and internationally in Nigeria.[1]

17. LA Chemical provides oilfield chemical services to various oil and gas companies located in Bakken, Barnett, Brown Dense, Eagle Ford, Fayetteville, Haynesville, Marcellus, Permian Basin, Terryville, and Tuscaloosa Shales.[2]

18. Plaintiffs were employed by Defendants within the three years prior to the filing of this Complaint.

19. Plaintiff David was employed by Defendants as a field worker.

20. David's primary job duties was manual labor in the oil field. David's job was very physical and demanding.

---

[1] http://gladiatorenergy.net/pages/contact.php
[2] http://www.lachemical.net/pages/about.html

21. David was paid salary for a forty (40) hour workweek, and classified as exempt from the requirements of the FLSA.

22. As a part of David's' compensation, he was paid non-discretionary bonuses.

23. Defendants required David to work in excess of forty (40) hours a week and did not pay him overtime.

24. David did not supervise two or more employees of Defendants on a regular basis.

25. David did not manage a division or department of Defendants.

26. David did not have an authority to hire or fire employees of Defendants.

27. David did not give recommendations as to firing or hiring employees of Defendants.

28. David did not give recommendations as to raises for any employees of Defendants.

29. David was and is entitled to 1.5 times his regular rate of pay for hours worked in excess of 40 in a week.

30. Plaintiff Bridgewater was employed by Defendants as a Service Supervisor.

31. As a Service Supervisor, Bridgewater's primary duty was manual labor.

32. Defendants required Service Supervisors, including Bridgewater, to work in excess of forty (40) hours per week without overtime pay.

33. Defendants classified Bridgewater and other Service Supervisors as exempt from the overtime requirements of the FLSA and paid them a salary for forty (40) hours per week.

34. In addition to their salaries, Defendants paid Bridgewater and other Service Supervisors non-discretionary bonuses.

35. Neither Bridgewater nor other Service Supervisors supervised two or more employees of Defendants on a regular basis.

36. Neither Bridgewater nor other Service Supervisors managed any division or department of Defendants.

37. Neither Bridgewater nor other Service Supervisors had authority to hire or fire employees of Defendants.

38. Neither Bridgewater nor other Service Supervisors gave recommendations as to firing or hiring employees of Defendants.

39. Neither Bridgewater nor other Service Supervisors gave recommendations as to raises for any employees of Defendants.

40. Service Supervisors, including Bridgewater, were and are entitled to 1.5 times their regular rates of pay for hours worked in excess of 40 in a week.

41. Defendants knew of the FLSA's requirements based on, among other things, many oilfield service companies becoming the objects of FLSA enforcement actions for similar payment plans as the one described in this case.

42. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

43. Plaintiff Bridgewater brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were or are employed by Defendants as Service Supervisors and were misclassified as exempt from payment of overtime wages at any time within the applicable statute of limitations period.

44. Plaintiff asserts violations of the FLSA on behalf of all persons who were employed by Defendant as Service Supervisors and paid a salary at any time from three years prior to the date of the filing of this lawsuit through the time of the trial of this case.

45. Plaintiff is unable to state the exact number of the class but believes that the class membership exceeds 50 persons but is less than 250 persons. Defendants can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

46. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

47. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

48. Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more

so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

49. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violate the FLSA, including:

   a. Defendants' uniform misclassification of Service Supervisors as exempt employees under the FLSA; and
   b. Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

## VI. PLAINTIFFS' INDIVIDUAL FLSA CLAIMS

50. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

51. Defendants violated the overtime provisions of the FLSA by failing to pay Plaintiffs for hours worked in excess of forty (40) each workweek.

52. As a result of Defendants' violations of the FLSA, Defendants are jointly and severally liable to each Plaintiff for unpaid wages for all hours worked in excess of forty (40) each week.

53. Additionally, each Plaintiff is entitled to an amount equal to his unpaid wages as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff respectfully prays for declaratory relief and damages as follows:

(a) That Defendants be summoned to appear and answer herein;

(b) That Defendants be required to account to Plaintiffs for all hours worked, including overtime, and all monies paid to them;

(c) A declaratory judgment that Defendants' practices violate the FLSA, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs;

(g) An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(h) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**DANNY BRIDGEWATER, individually and on behalf of all others similarly situated; and COTY DAVID, individually**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone:  (501) 221-0088
Facsimile: (888) 787-2040

By:    */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com