IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DANNY BRIDGEWATER, Individually and on behalf of all Others Similarly Situated; and COTY DAVID, Individually**                                                                                    **PLAINTIFFS**

vs.                                                  No. 5:15-cv-975-RP

**GES GLADIATOR ENERGY SERVICES TEXAS, LLC; LA CHEMICAL, LLC; and STEVEN "CLOY" GANTT, Individually and as an Officer of GES GLADIATOR ENERGY SERVICES TEXAS LLC, and LA CHEMICAL, LLC**          **DEFENDANTS**

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, FOR DISCLOSURE OFCONTACT INFORMATION, AND TO SEND NOTICES**

COMES now Separate Plaintiff Danny Bridgewater ("Plaintiff"), individually and on behalf of all others similarly situated, through undersigned counsel, for his Motion for Conditional Certification, for Disclosure of Contact Information, and for Court-Approved Notices, hereby states and alleges as follows:

1.      Plaintiff brought this lawsuit on behalf of himself and on behalf of all former and current salaried Supervisors employed by Defendant GES Gladiator Energy Services Texas, LLC ("Gladiator"), at any time since November 8, 2012, to recover overtime wages and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2.      Attached as Exhibits A and B, respectively, are the *Notice* and *Consent to Join* proposed by Plaintiff for distribution in this case. The *Notice* and C*onsent* make no comment on the merits of the case. The *Notice* is narrowly drawn to notify potential

Page 1 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

class members of the pending litigation, the composition of the class and their right to "opt in" to the litigation.

3. Plaintiff requests a period of ninety (90) days to distribute the *Notice* and to file *Consent* forms with this Court and requests this Court to enter an Order directing Defendant to provide the names, last known home and work addresses, and email addresses of potential opt-in Plaintiffs no later than two (2) weeks after the date of the entry of the Order granting this Motion.

6. Plaintiff requests that this Court permits him to provide the *Notice* to potential opt-in Plaintiffs via email as well as traditional U.S. mail, and that this Court permit Plaintiff to distribute a reminder postcard via traditional U.S. Mail as well as a follow-up email.

7. Plaintiff further requests that this Court approves the inclusion of Plaintiffs' Complaint, or any amendments thereto, as well as Defendants' Answer thereto, if any, along with the *Notice*.

8. Plaintiff also asks the Court to order Defendant to post the *Notice* at the district offices in the same areas in which it is required to post government-required notices.

9. Plaintiff incorporates the following Exhibits in support of the current Motion:

    A. Proposed Notice of Right to Join Lawsuit ("*Notice*");

    B. Proposed Consent to Join Collective Action ("*Consent to Join*");

    C. Proposed Reminder Postcard ("*Postcard*");

    D. Declaration of Attorney Josh Sanford;

    E. Declaration of Danny Bridgewater; and

Page 2 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

      F.      Proposed Order.

10. In compliance with LR 7(d), Plaintiff advises the Court that the Motion cannot be said to be unopposed because the Motion will be served on Defendants contemporaneously with the Complaint and a defense attorney has yet to enter appearance in the case. The relief requested in the Motion is sufficiently broad and detailed that it would be highly unusual if a pre-filing agreement could be reached. Moreover, time is critical for the protection of the rights of potential opt-ins because the relief requested is pursuant to Section 216 of the FLSA.

WHEREFORE, premises considered, Plaintiff prays that the Court conditionally certify the class proposed by Plaintiff; that Defendants be ordered to provide the names and current and/or last known mailing and email addresses of all potential class members no later than two (2) weeks after the date of the entry of the Order granting this Motion; for approval and sending of the attached *Notice* and *Consent to Join* form, along with Plaintiff's Complaint, or its amended forms, and Defendants' Answer thereto, to all potential class members; that Defendants post the same *Notice* at its District Offices; and that the Court grant counsel a period of ninety (90) days during which to distribute the *Notice* and to file opt-in Plaintiffs' *Consent* forms with this Court.

## MEMORANDUM BRIEF IN SUPPORT

Plaintiff Danny Bridgewater, former Supervisor of Gladiator, brought this suit on behalf of all former and current salaried Supervisors of Gladiator, who were misclassified as salaried employees and non-exempt from the requirements of the FLSA. See Complaint, ECF No. 1. Pursuant to 29 U.S.C. § 216(b), Plaintiff files the above Motion for Conditional Certification as a representative of a Fair Labor Standards

Page 3 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

Act ("FLSA") class under 29 U.S.C. § 216(b) which provides:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Such actions are referred to as collective actions. District courts have the discretion, in appropriate cases, to issue orders authorizing notice to potential members of the collective action of the opportunity to "opt-in" to the action. Hoffman-La Roache Inc. v. Sperling, 493 U.S. 165, 169, 110 S.Ct. 482 (1989). Plaintiff ask this Court to conditionally certify the following class:

> **All former and current employees of Gladiator who are or were employed as salaried Supervisors at any time since November 8, 2012**.

Gladiator is a coil tubing and pumping company which provides services in the Eagle Ford Shale, Permian Basin, Haynesville Shale, Utica Shale, and Marcellus Shale. Bridgewater Decl. ¶ 4, attached hereto as Exhibit E. Plaintiff, and other salaried Supervisors employed by Gladiator, were not paid overtime for all hours worked in excess of forty (40) per week. Bridgewater Decl. ¶ 10. Plaintiff's primary job duty was manual labor. Bridgewater Decl. ¶ 7. During his employment with Gladiator, Plaintiff worked in various locations and personally observed job duties of other salaried Supervisors employed by Gladiator. Bridgewater Decl. ¶ 13, 20. Therefore, all salaried Supervisors employed by Gladiator are similarly situated.

### I.     COLLECTIVE ACTION STANDARD

In Hoffman-La Roche, the Supreme Court held that district courts have the

Page 4 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

discretion to certify a class and issue orders authorizing notice to potential members of a collective action of the opportunity to "opt-in." 493 U.S. at 169. The key issue is whether the persons to whom notice would go are "similarly situated" to Plaintiff. O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 583 (6th Cir. 2009); Thiessen v. General Electric Capital Corp., 267 F.3d 1095 (10th Cir. 2001); 29 U.S.C. § 216(b).

"The Lusardi two-stage approach is the prevailing standard among federal courts," to determine whether class certification is appropriate and "is the standard most frequently used by [the Eastern District of Texas]." See Tice v. AOC Senior Home Health Corp., 826 F.Supp.2d 990 (E.D. Tex. 2011) (internal citations omitted); see also Neagley v. Atascosa County EMS, 2005 U.S. Dist. LEXIS 230 (W.D. Tex. Jan. 7, 2005); Lusardi v. Xerox, Corp., 118 F.R.D. 351 (D. N.J. 1987). Under Lusardi, collective action certification is divided into two phases: (1) the notice stage; and (2) the opt-in, or merits, stage. Mooney v. Aramco Servs. Co., 54 F. 3d 1207, 1213-1214 (5th Cir. 1995). In the notice stage, a court determines whether the plaintiff has provided sufficient evidence of similarly-situated plaintiffs to warrant court-facilitated notice. Valcho v. Dallas Cnty. Hosp. Dist., 574 F.Supp.2d 618, 621 (N.D. Tex. 2008). If so, the court "conditionally certifies" the class and facilitates notice to the potential plaintiffs. Id. The standard is "fairly lenient" and usually results in conditional certification. Mooney, 54 F.3d at 1213. After discovery and opt-in periods have taken place, the court reexamines the class, typically in response to a motion for decertification. Valcho, 574 F.Supp.2d at 621.

"Because a Motion for conditional certification usually occurs early in the case and, thus, the court has minimal evidence before it, the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the

Page 5 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

putative class members were victims of a single decision, policy or plan." Tice, 826 F.Supp.2d at *995 (citing Mooney, 54 F.3d at 1214). A plaintiff need only show that his position is similar to the potential plaintiffs, not identical. Id; Watson v. Travis Software Corp., 2008 U.S. Dist. LEXIS 94824, *5 (S.D. Tex. 2008). The issue is whether potential class members performed the same basic tasks and were subject to the same pay practices. Allen v. McWane, Inc., 2006 U.S. Dist. LEXIS 81543, *3 (E.D. Tex. 2006).

Because discovery usually has not been conducted at the first stage, courts do not review the underlying merits of the action in determining whether to grant conditional certification. Vanzzini v. Action Meat Distributors, Inc., No. H-11-4173, 2012 U.S. Dist. LEXIS 73905, *5 (S.D. Tex. May 29, 2012). "The conditional class certification stage is not an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." Luvianos v. Gratis Cellular, Inc., No. H-12-1067, 2012 U.S. Dist. LEXIS 183027, *20 (S.D. Tex. Dec. 10, 2012).

This case is at the notice stage and is subject to the more lenient standard based solely on pleadings and affidavits. Neagley v. Atascosa County EMS, SA-04-CA-893-XR (W.D. Tex. Jan. 7, 2005). The pleadings and attached exhibits show there are many other individuals similarly situated to Plaintiff. Every putative plaintiff was subject to Defendants' universal policies of misclassifying salaried Supervisors as exempt from the requirements of the FLSA.

## II. ARGUMENT

### 2.1. Plaintiff and Putative Class Members Are Similarly Situated under the FLSA.

Although the Fifth Circuit has not ruled on the appropriate test to use at the notice stage, district courts within the Fifth Circuit agree that two elements are relevant

Page 6 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

to the determination of whether individuals are similarly situated for purposes of conditional certification, namely:

> (1) whether there is a reasonable basis for crediting the assertion that aggrieved individuals exist; and (2) whether those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted.

Luvianos, 2012 U.S. Dist. Lexis 183027, *14 and Guillory v. PF&B Management, LP, No. H-11-4377, 2012 U.S. Dist. LEXIS 151505, *11 (S.D. Tex. Sept. 14, 2012). Some courts consider a third element—whether plaintiffs have shown that similarly situated individuals "want" to opt in to the lawsuit. Id. But, the recent trend among district courts in Texas is to reject the third, non-statutory element. In Luvianos, the court rejected the third element because 1) the element is not a statutory requirement at the notice stage; 2) the court was unable to locate any higher court opinion which required, or even discussed, the third element; 3) unlike under F.R.C.P. 23, there is no numerosity requirement under the FLSA collective action procedures; and 4) the element "is dissonant with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes." 2012 U.S. Dist. Lexis 183027, *15-16; see also Guillory, 2012 U.S. Dist. LEXIS 151505, *11-14; Jesiek v. Fire Pros, Inc., 275 F.R.D. 242 (W.D. Mich. 2011); Villarreal v. St. Luke's Episcopal Hospital, 751 F.Supp.2d 902, 915 (S.D. Tex. 2010).

This Court should decline to consider the third, non-statutory element, although Plaintiff has exceeded any evidentiary requirements it would impose. The elements articulated in Luvianos support a finding that all Supervisors employed by Gladiator are similarly situated.

Page 7 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

A.  There is a Reasonable Basis to Believe Other Aggrieved Individuals Exist And The Proposed Classes are Similarly Situated as to Pay and Job Duties.

Gladiator is a coil tubing and pumping company which provides services in the Eagle Ford Shale, Permian Basin, Haynesville Shale, Utica Shale, and Marcellus Shale. Bridgewater Dec. ¶ 4.  Plaintiff was employed as a supervisor by GES Gladiator Energy Services Texas, LLC, and Steven "Cloy" Gantt (collectively "Gladiator") from March or April of 2015 through October of 2015.  Bridgewater Dec. ¶ 3.  Gladiator has a company policy of classifying its Supervisors as salaried and non-exempt from the requirements of the FLSA.  Bridgewater Dec. ¶ 5.  Plaintiff worked for Defendant in multiple locations through the state of Texas. Bridgewater Dec. ¶ 13.  Gladiator also has one payroll department that handles payroll for all employees.  Bridgewater Dec. ¶ 21. Therefore, the first Lusardi element weighs in favor of granting Plaintiff's Motion for Conditional Certification.

Other courts have relied on the fact that employees worked in multiple locations in granting conditional certification. In Smith v. Frac Tech Services, LTD., the Eastern District of Arkansas certified a nationwide class of individuals employed as "field Operators," stating that "[t]he fact that Frac Tech could and did consistently send Field Operators to work in districts other than their home district is further evidence that the duties of Field Operators were substantially similar throughout the country." 2010 U.S. Dist. LEXIS 18657, at *12. Similarly, in Deane v. Fastenal Co., the Northern District of California certified a nationwide class of "General Managers" based on the declarations of just two former employees.  No. 11-42, 2011 U.S. Dist. LEXIS 131178 (N.D. Cal. Nov. 14, 2011). The Deane court stated that it found "particularly persuasive the fact that

Page 8 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

plaintiffs worked at multiple stores in multiple states, and thus have personal knowledge of the similarities between the stores." Id. at *11. Here, as explained above, Plaintiffs and the putative class members are similarly situated with respect to pay and hours worked.

The class issues in this case are similar to issues in two cases which were certified in the last several months by other courts in the San Antonio Division of the Western Distirct of Texas: in Dustin Moore, et. al. v. Performance Pressure Pumping Services, LLC, et. al., Case 5:15-cv-432-RP (W.D. Tex. Aug. 24, 2015); similar, in Roche et al v. S-3 Pump Service, Inc., Case 5:15-cv-268-XR (W.D. Tex. July 9, 2015).

Although Plaintiff need only show that his position was similar, not identical, to those of the putative collective action members, the evidence demonstrates that Plaintiff and putative class members are practically identically situated. See Luvianos, 2012 U.S. Dist. LEXIS 183027, *24. Therefore, the second element of the Lusardi test weighs strongly in favor of conditional certification. In fact, conditional certification on highly similar facts was previously granted in the Eastern District of Texas. Joseph Gauthier, et al., v. TriCan Well Services Ltd., 6:13-cv-46-LED (E.D. Tex. Oct. 7, 2013). In Gauthier, the Hon. Leonard Davis presiding, granted conditional certification of a nationwide class of "Field Operator" employees who claimed they were misclassified by their employer, Trican Well Service, L.P., a pressure pumping company. Id. The case was certified even though only one plaintiff appeared at the beginning of the case, and only offered the sworn testimony of that one plaintiff at the time that the motion for conditional certification was filed. Id.

Page 9 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

### 2.2 The Court Should Approve and Allow the Distribution of Plaintiff's Collective Action Notice and Consent to Join.

The Court should authorize collective notice at this stage of litigation as it would advance the remedial goals of the FLSA and promote judicial efficiency. Courts favor collective actions where a plaintiff can establish that common issues of law and fact exist and arise from the same alleged activity, as a collective action proceeding "reduce[s] litigation costs for the individual plaintiffs and create[s] judicial efficiency." Ryan v. Staff Care, Inc., 497 F.Supp.2d 820, 823 (N.D. Tex. 2007) (quoting Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). "The collective action tool allows plaintiffs 'the advantage of lower individual costs to vindicate rights by the pooling of resources.'" McCarragher v. The Ryland Group, Inc., No. 3-11-55, 2012 U.S. Dist. LEXIS 146464, *7 (S.D. Tex. Oct. 11, 2012) (quoting Hoffman La-Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). Because collective actions are "opt-in," these benefits are only available if "employees receive accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Id.

Plaintiff has carried the notice stage's lenient burden of demonstrating the existence of two similarly situated classes of individuals who were denied their rights under the FLSA. In Hoffman-La Roche, the Supreme Court held that such notice should be sent in the early stages of litigation, noting the "wisdom and necessity" of early court involvement in managing opt-in cases and facilitating notice. 493 U.S. at 171. Allowing plaintiffs to proceed collectively benefits individuals by pooling resources and the judicial system by allowing efficient resolution of common issues of law and fact. Id. at 170.

Sending court-approved notice early in a case promotes the "broad remedial

Page 10 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

purpose" of the FLSA and efficient management by insuring that similar cases are combined in one proceeding. Dybach v. Florida Dep't of Corrections, 942 F.2d 1562, 1567 (11th Cir. 1991); White v. Osmose, 204 F.Supp.2d 1309, 1312 (M.D. Ala. 2002); Hoffman v. Sbarro Corp., 982 F.Supp. 249, 262 (S.D.N.Y. 1997) ("Courts have endorsed the sending of notice early in the proceedings, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."). The purpose of judicial notice in collective action cases is to protect the claims of potential plaintiffs, who must opt-in to stop the statute of limitations. Notice informs potential plaintiffs "of the facts needed to make an informed decision whether to opt-in." Fisher v. Michigan Bell Telephone Company, 665 F. Supp. 2d 819, 829 (E.D. Mich. 2009). While there are no well-defined rules for the form of notice, the general requirement is that the notice must be fair and accurate.  See e.g., Id; Heckler v. DK Funding, LLC, 502 F. Supp. 2d 777, 780 (N.D. Ill 2007).

The *Notice* (Ex. A) and *Consent to Join* (Ex. B) proposed by Plaintiff provide a fair and accurate description of the class and would further the remedial goals of the FLSA and promote judicial efficiency. Plaintiff requests that the Court grant a period of ninety (90) days during which to distribute *Notice* and file opt-in Plaintiffs' consent forms with the Court.  Many of the potential class members may have current addresses and phone numbers that may differ from Defendants' records, and as oil field workers, the putative class members are often away from home for long stretches of time.

In order to offer potential plaintiffs a meaningful opportunity to join this suit, Plaintiff's counsel will need at least ninety (90) days to locate and effectively send notice to class members. Plaintiff also asks the Court to order Defendants to post the notice at

Page 11 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

the district offices in the same areas in which it is required to post government-required notices to ensure current employees receive notice of the lawsuit, even if they have not kept their addresses up-to-date.

Plaintiff further requests that he be permitted to provide putative class members with notice via email to any email accounts maintained by putative class members. Email is a commonly-utilized, appropriate and efficient manner of communicating with Plaintiffs and putative class members. In order to facilitate the most efficient and inclusive notice of FLSA collective actions, district courts in Arkansas have ordered that notices be distributed by mail, email, and news media, and that notices be posted conspicuously in class members' workplaces. Texas should be no different. In <u>Lopez v. Ozark Mountain Poultry, Inc.</u>, for example, the court held that "utilizing Defendants' email system to notify employees of alleged violations of federal wage-and-hour committed by their employer is, by definition, a purpose related to the business itself," and therefore an appropriate use of an FLSA defendant's email system. W.D. Ark. Case No. 5:13-cv-5272-TLB, Doc. 34, 9 n. 4 (6/17/2014).

In a case where the defendant had no business email system, Courts have ordered the disclosure of any personal email addresses of potential class members of which the defendant was aware, and further permitted notice through an advertisement on Facebook. <u>Bonton</u>, W.D. Ark. Case No. 6:14-cv-6074-RTD, Doc. 12, 6-7. In both <u>Lopez</u> and <u>Bonton</u>, the Western District of Arkansas also permitted Plaintiffs to send a follow-up postcard to potential opt-in plaintiffs who did not respond within thirty (30) days of the distribution of the court-approved notice. <u>Lopez</u>, W.D. Ark. Case No. 5:13-cv-5272-TLB, Doc. 34, 9-9; <u>Bonton</u>, W.D. Ark. Case No. 6:14-cv-6074-RTD, Doc. 12, 8.

Page 12 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

Additional service by email, made by Plaintiff's counsel, will not be a burden on Defendants or its counsel, but instead will very minimally burden Plaintiff's counsel, who is willing to take the task on. Furthermore, additional notice by email will do no harm; instead, it will further the central purpose of sending out the purpose by traditional U.S. Mail: giving the putative class members *actual* notice of these proceedings so that they can make an informed decision about whether to participate.  Plaintiff concedes that secondary notice by email is not the norm in the Fifth Circuit, but Plaintiff does not concede that it should not be the norm. It should. The Notice process that is now decades-old can and should be modernized, but not at the expense of abandoning traditional means of transmission to the putative class members.

Further, the type of work performed by Plaintiff and putative class members requires these individuals to be in the field (i.e. away from home) at the customer location for extended periods of time. Under these circumstances, sending notice via regular mail alone is an inefficient, if not an outright tenuous means of communication.

Even if Plaintiff and putative class members did not have such unusual working conditions, communication via email is a commonly accepted means of communication these days. In fact, an Arkansas district court in Cummings v. Bost, Inc. authorized the sending of notice via email even when the putative class members were not subject to the unusual working conditions of Plaintiff herein. Cummings v. Bost, Inc. U.S.D.C. Case No. 2:14-cv-2090-PKH, *13– 14 (W.D. Ark. April 13, 2015).  Tellingly, the putative class members in Cummings worked *in their very own homes*.  This Court may take judicial notice of the fact that email has in some ways replaced correspondence by traditional U.S. Mail, or at least is encroaching upon the territory once inhabited almost exclusively

Page 13 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

by the Postal Service.

The class of opt-ins would benefit by the ease and efficiency of a paperless notice and consent process. PDF files that can be signed electronically on traditional computers and on mobile devices can be sent by Plaintiff's counsel via email. It is a practical benefit to many putative class members who work in the oil and gas field to be able to sign documents electronically and to transmit them via email from the cellphones. It is not a hardship on Defendants for potential opt-ins to receive Notice and Consent, and to return Consents to Join to Plaintiff's counsel, in this manner.

Defendant cannot argue that the distribution of notice via email in any way makes the information provided therein less accurate or that the distribution of notice via email will somehow reduce the number of individuals who actually receive notice. The only result of providing notice via email is to enable more class members to receive actual notice. Recognizing this fact, courts frequently permit the emailing of notice to putative class members, even when the notice has also been approved for mailing. See Margulies v. Tri-County Metro. Transp. Dist. of Or., 2013 U.S. Dist. LEXIS 146484, *59–61 (D. Or. Oct. 10, 2013) (citing Alequin v. Darden Rests., Inc., No. 12-61742-CIV, 2013 U.S. Dist. LEXIS 108341, 2013 WL 3945919, at *2 (S.D. Fla. July 31, 2013); Ritz v. Mike Rory Corp., 12 CV 367 (JBW)(RML), 2013 U.S Dist. LEXIS 61634, 2013 WL 1799974, at *5 (E.D.N.Y. Apr. 30, 2013); Rehberg v. Flowers Foods, Inc., No. 3;12cv596, 2013 U.S. Dist. LEXIS 40337, 2013 WL 1190290, at *3 (W.D.N.C. Mar. 22, 2013); Jones v. JGC Dallas LLC, Civil Action No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042, 2012 WL 6928101, at *5 n.9 (N.D. Tex. Nov. 29, 2012) (collecting cases approving email notice in FLSA cases)).

Page 14 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

The Margulies court specifically recognized that, in contrast to the time when Hoffman-LaRoche was decided (1989), people now commonly correspond by email. Id. In Atkinson v. TeleTechHoldings, Inc., the court noted that while the issue of sending email notice divided courts, the current trend was to permit the sending of notice by both U.S. mail and email. 2015 U.S Dist. LEXIS 23630, *12 (S.D. Oh. Feb. 26, 2015). The court went on to find that service by both methods worked to advance the remedial goals of the FLSA because it increased the likelihood that all potential opt-in plaintiffs would receive notice. Id.

In addition to the reasons for emailing notice cited by courts such as Margulies and Atkinson, such as advancements in technology, there are other reasons to permit the emailing of notice. First, email is more reliable than regular mail—it does not get lost and it does not get delayed, and if there is a problem with delivery the sender is notified almost immediately rather than days, weeks, or months later. Further, email addresses are "portable" in the sense that, although a person's physical address changes when he or she relocates residences, the person can and often does maintain his or her same email address. Also, email can be checked from any location, not just from home, which increases the likelihood that it will be received by the putative class member.

The emailing of notice is a simple, cost-effective mechanism of providing notice that furthers the remedial goals of the FLSA. Therefore, this Court should approve Plaintiff's request to provide notice via email.

Plaintiff also requests that this Court grant him permission to include a copy of Plaintiffs' Complaint, or any subsequent amendment thereto, along with the *Notice*, and Defendants should be given the courtesy of having included any Answer to the same

Page 15 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

that it may file with the Court, if it so requests. The purpose of including such pleadings is to provide putative class members with more specific information regarding the case without cluttering up the *Notice* with the parties' relative positions, meaning those putative class members who are not interested in the current lawsuit are not forced to read through excessive amounts of information while perusing the *Notice*, but those putative class members who are interested have basic additional information at their fingertips. Putative class members will more readily be able to make an informed decision about whether to join the lawsuit. Moreover, since Plaintiff bears the initial cost of providing notice in FLSA cases, there will be no additional financial burden on Defendants or the judicial system in including these two pleadings along with the *Notice*.

Finally, Plaintiff requests that the Court to allow his counsel to send a follow-up *Postcard* via regular U.S. Mail and a follow-up email to any class members who have not responded thirty (30) days after the mailing of the initial *Notice*.  *Postcard*. Ex. C. Due to Plaintiff's counsel's experience and knowledge of mail delivery problems from other collective action FLSA cases, this *Postcard* would provide a fair and equitable solution to ensure that all members of the proposed class who want to join the lawsuit are able to, and this would not cause unfair prejudice to Defendants. See Declaration of Attorney Josh Sanford. Ex. D. A reminder postcard has been authorized by other Courts, including Cummings v. Bost, Inc., U.S.D.C. Case No. 2:14-cv-2090-PKH, *8– 9 (W.D. Ark. April 13, 2015). Lopez, et al v. Ozark Mountain Poultry, Inc., et al, U.S.D.C. Case No. 5:13-cv-5272-TLB (W.D. Ark. June 17, 2014).

Page 16 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

### 2.3. The Court Should Order Defendants to Provide the Names and Last Known Home, Work, and Email Addresses of Potential Opt-in Plaintiffs in an Appropriate Importable Electronic Format.

To facilitate the sending of the *Notice* and *Consent* forms, Plaintiff asks this Court for an Order directing Defendants to disclose, in a useful format such as an Excel spreadsheet, all contact information for those who meet the definition of the proposed collective class. If not via an Excel spreadsheet, the information should be in some other importable and malleable electronic format. This includes but is not limited to: (1) the names of each and every potential plaintiff employed by Defendants any time after October 30, 2012, including any known aliases they may have gone by or go by now; (2) the last known home and work addresses of the employee for the same time period; and (3) all email addresses. Because potential plaintiffs may have current addresses and phone numbers that differ from Defendants' records, direct mailing, emailing, and workplace posting are necessary and cost-effective ways to provide notice to potential opt-ins.

In <u>Hoffman-La Roche</u>, the Supreme Court held that it was appropriate for the district court to permit disclosure of the names and addresses of possible opt-in plaintiffs. 493 U.S. at 170. Trial courts routinely order disclosure of the names and addresses of potential opt-in plaintiffs in conjunction with authorizing notice. <u>Id</u>. As such, Plaintiff asks that the Court order Defendants to produce the full names, dates of employment, and the last known work and home physical and email addresses of all those who meet the proposed class definition, no later than two (2) weeks after the date of the entry of the Order Granting Conditional Certification.

Plaintiff also asks the Court to order Defendants to provide dates of birth and

Page 17 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

partial social security numbers for any class members whose U.S.P.S.-mailed Notice is returned as undeliverable to assist in locating the correct address for those members so that they receive notice. Davis v. Abercrombie & Fitch Co., 08 Civ. 1859 (PKC), 2008 WL 4702840, 12 (S.D.N.Y. Oct. 23, 2008); Lynch v. United Services Auto. Ass'n, 491 F.Supp.2d 357, 371-72 (S.D.N.Y. 2007); Perrin v. Papa John's International, Inc., U.S.D.C. Case No. 4:09-cv-1335-AGF (E.D. Mo. Oct. 11, 2011) ("The better course is to determine what constitutes fair and proper notice based on the facts of each case… At this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs." (internal citations and quotation marks omitted)).

### III.     CONCLUSION

Plaintiff's burden at this stage is lenient and easily met. Neagley v. Atascosa County EMS, SA-04-CA-893-XR (W.D. Tex. Jan. 7, 2005). The attached exhibits provide ample factual basis to support conditional certification. Plaintiff and putative class members were uniformly subject to the same policies of Defendants which led to the violations of the FLSA alleged herein. For these reasons, Plaintiff respectfully requests that this Court: (1) certify the classes as described above; (2) order Defendants to produce the contact information of those putative class members, no later than two weeks after the date of the entry of the Order; (3) approve the *Notice* and *Consent* to join attached hereto; (4) approve the sending of the *Notice* and *Consent*, and Plaintiffs' Complaint and Defendants' Answer, if any, as set forth herein; (5) approve the sending of the *Postcard* as set forth herein; and (5) grant counsel a period of ninety (90) days from the date Defendants fully and completely release the potential class members' contact information during which to distribute the *Notice* and to file *Consent*

Page 18 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.

forms.

                                Respectfully submitted,

                                **DANNY BRIDGEWATER *et. al.*,**
                                **Individually and on behalf of**
                                **Others Similarly Situated, PLAINTIFFS**

                                SANFORD LAW FIRM, PLLC
                                One Financial Center
                                650 S. Shackleford Road, Suite 411
                                Little Rock, Arkansas 72211
                                Telephone:  (501) 221-0088
                                Facsimile: (888) 787-2040

By:   */s/ Josh Sanford*
        Josh Sanford
        Texas. Bar No. 24077858
        josh@sanfordlawfirm.com


## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was electronically filed with the Clerk for the U.S. District Court, Western District of Texas, San Antonio Division, on November 13, 2015, using the Electronic Case Filing system of the Court. A true and correct copy of the Motion and its exhibits will be served with the Summons and Complaint.

                                /s/ Josh Sanford
                                **Josh Sanford**

Page 19 of 19
*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
Motion for Conditional Certification, etc.