IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DANNY BRIDGEWATER, Individually and on
behalf of all Others Similarly Situated; and
COTY DAVID, Individually**                                    **PLAINTIFFS**

vs.                              No. 5:15-cv-975-RP

**GES GLADIATOR ENERGY SERVICES TEXAS, LLC;
LA CHEMICAL, LLC; and STEVEN "CLOY" GANTT,
Individually and as an Officer of GES GLADIATOR
ENERGY SERVICES TEXAS LLC, and LA CHEMICAL, LLC**    **DEFENDANTS**

## DECLARATION OF ATTORNEY JOSH SANFORD

I, Josh Sanford, do hereby swear, affirm, and attest as follows, based upon my personal knowledge of the matters contained herein:

1. My name is Josh Sanford, and I am over the age of eighteen (18) and duly qualified to execute this declaration.

2. I am a resident and domiciliary of the State of Arkansas.

3. I am attorney licensed in courts in the states of Arkansas, Colorado, Michigan and Texas; I manage the Sanford Law Firm, PLLC.

4. I have litigated and am currently litigating several other collective actions under the Fair Labor Standards Act ("FLSA") in the Courts of the Western and Eastern Districts of Arkansas, as well as in the Eastern and Western Districts of Texas, and the District of Colorado.

5.      In each and every one of these cases, it has been my experience that mail delivery problems not only exist, but they are in fact pervasive.  In some cases, the mail problems have prevented some members of a putative class from joining the lawsuit when they later expressed to join the case—but too late to participate.

6.      An untold number of Notices sent by our firm are lost in the mail or returned undeliverable, even when the address is correct.  Sometimes the returned envelope is not returned to us for more than 150 days from its first mailing to the class member.

7.      Additionally, some Consents signed and mailed by members of the putative class are lost in the mail.  I know this because in my other FLSA collective actions, some potential opt-in plaintiffs have called to follow up on our receipt of their Consents, only to discover that we never received them.  Clearly, however, most people do not call to follow up after mailing their signed Consents, assuming that by putting their Consents in the mail, we will receive the Consents and join them in the lawsuit.

8.      In fact, on May 15, 2013, and May 23, 2013, class members in one of our firm's other collective action lawsuits called our office because they had not received their Notices and Consents, which were mailed to them more than two months earlier. The addresses on file for these potential plaintiffs were correct, so their Notices and Consents were lost in the mail, and they only found out about the lawsuit from friends who had themselves received notice.

9.      In another instance in April of 2013, a would-be opt-in plaintiff in another case called our offices to find out how the case was going, and at that time we

discovered that we never received the Consent to Join that he had sent us about four weeks earlier.

10. In March of 2014, we received a returned envelope that contained a Notice and Consent in a collective action case; we mailed out the envelope in March of **2013**.

11. More recently, in May of 2015, we mailed Notice and Consent documents to a class in a collective action case in the Western District of Arkansas. We received several telephone calls from recipients of the postcards who requested the Notice and Consent documents because the original mailing did not reach them.

12. It is unknown how many total people who have wanted to join our firm's collective actions have failed to as a result of these problems. And if collective action is conditionally certified in this case, it is unknown how many potential members of the putative class will suffer the same fate. However, even one member failing to join the lawsuit through no fault of his or her own, but merely because the signed Consent gets lost in the mail, is too many.

13. Allowing Plaintiff's counsel to send a follow-up postcard to any class members who have not responded to our offices within thirty (30) days after the mailing of the initial *Notice* would provide a fair and equitable solution to ensure that more members of the proposed class who want to join the lawsuit are able to. Moreover, this would not cause any prejudice to Defendant.

14. On July 17, 2014, we sent out Notice to a class in the Western District of Arkansas. Then **415 days** later—on September 5, 2015, two of the notices were returned to our office as undeliverable.

15. In many of our class cases under the FLSA, and in oil-field cases in particular, email is a much more effective and timely method to communicate with parties. It is my experience in representing plaintiffs in oil-field misclassification cases over the past six years that email is the more reliable and efficient way to deliver written communication to putative class members.

16. One of the features that email provides as opposed to traditional mail is faster feedback if an incorrect address is used. That (generally) immediate feedback that an email is undeliverable is useful information to have when the intended recipient has a defined period of time within which he must respond.

17. The class of opt-ins would benefit by the ease and efficiency of a paperless notice and consent process (via email). PDF files that can be signed electronically on traditional computers and on mobile devices can be sent by Plaintiff's counsel via email.

18. It's been my experience that many opt-ins benefit from the efficiency and portability of electronic case notification procedures.

19. In past cases many class members have moved since they last gave the defendant their address, but many of these same people have kept the same email address through several residential moves.

20. It is a practical benefit to many putative class members who work in the oil and gas field to be able to sign documents electronically and to transmit them via email from the cellphones. It is not a hardship on Defendant for potential opt-ins to receive Notice and Consent, and to return Consents to Join to Plaintiff's counsel, in this manner.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of November, 2015.

/s/ Josh Sanford
**JOSH SANFORD**

*Danny Bridgewater, et al. v. GES Gladiator Energy Services Texas LLC, et. al.*
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-975-RP
**Declaration of Josh Sanford**