IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DANNY BRIDGEWATER, Individually and on behalf of all Others Similarly Situated; and COTY DAVID, Individually**                    **PLAINTIFFS**

vs.                    No. 5:15-cv-975-RP

**GES GLADIATOR ENERGY SERVICES TEXAS, LLC; LA CHEMICAL, LLC; and STEVEN "CLOY" GANTT, Individually and as an Officer of GES GLADIATOR ENERGY SERVICES TEXAS LLC, and LA CHEMICAL, LLC**                    **DEFENDANTS**

## DECLARATION OF DANNY BRIDGEWATER

I, Danny Bridgewater, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1. My name is Melvin Daniel Bridgewater ("Danny Bridgewater"), and I am over the age of eighteen (18) and duly qualified to execute this declaration.

2. I am currently a resident and domiciliary of the State of Texas.

3. I was employed as a supervisor by GES Gladiator Energy Services Texas, LLC, and Steven "Cloy" Gantt (collectively "Gladiator") from March or April of 2015 through October of 2015.

4. Gladiator is a coil tubing and pumping company which provides services in the Eagle Ford Shale, Permian Basin, Haynesville Shale, Utica Shale, and Marcellus Shale.

5. As a supervisor for Gladiator, I was paid a salary of approximately $4,800.00 a month.

6. I was also paid non-discretionary bonuses. I was paid a bonus as long as I was on the job and operated equipment.

7. I worked in pumping division of Gladiator. My job duties included rig up and rig down, and operation of the equipment. I worked among the pumping crew. My job was very physical and demanding. I spent many hours performing manual labor outdoors.

8. I also prepared billing for customers, wrote job tickets, prepared safety and maintenance reports.

9. I stayed at the job sites for days on end operating the equipment. On average, I worked about 100 hours per week, and sometimes more.

10. I was paid salary for 40 hours per week and was not paid overtime for hours worked in excess of forty (40) hours per week. I frequently was paid less than Hands because they were paid overtime for hours worked in excess of 40 per week and I was not.

11. During my employment with Gladiator, I continued to complain to my supervisors about not getting paid overtime but nothing was done as a result of my complaints.

12. I personally observed other supervisors working the same hours on the job sites as I did. We also frequently worked 24 hours straight setting up and operating the equipment at the job sites.

13. Throughout my employment with Defendant, I primarily worked in Texas. I performed jobs with different crews in various locations for a variety of customers. The job duties I performed I worked were the same at all of the locations where I worked.

14. I did not receive any new training or orientation before being sent to work on jobs at different sites. The supervisor positions were essentially the same at all locations so there was no need for orientation.

15. I was not required to have any specific degree or training to be a supervisor. My training was on-the-job. I saw other supervisors were also trained on the job.

16. I did not have the authority to hire or fire other employees.

17. I never recommended any other employee for promotion or demotion. This was true for all of the other supervisors that I worked with, as well.

18. I had no authority to bind the company. I did not order any supplies. This was true for all of the other supervisors that I worked with, as well.

19. Defendant did not keep accurate records of my hours worked.

20. Based on my experience talking with the other supervisors I worked with in various locations, I believe that there would be others that would want to join this lawsuit if notice was issued herein and they were made aware of the suit.

21. All hiring decisions and pay policies were centrally handled through Defendant's headquarters.

22. The type of work performed by me and other supervisors required us to be at the customers' well sites for extended periods of time.

PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 13th day of November, 2015.

_____
DANNY BRIDGEWATER