IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DANNY BRIDGEWATER, Individually and on behalf of all Others Similarly Situated; and COTY DAVID, Individually**     **PLAINTIFFS**

vs.     No. 5:15-cv-975-RP

**GES GLADIATOR ENERGY SERVICES TEXAS, LLC; LA CHEMICAL, LLC; and STEVEN "CLOY" GANTT, Individually and as an Officer of GES GLADIATOR ENERGY SERVICES TEXAS LLC, and LA CHEMICAL, LLC**     **DEFENDANTS**

## ORDER

In the Complaint (ECF No. 1), Separate Plaintiff Danny Bridgewater alleges that he is a former salaried supervisor employed by Defendant GES Gladiator Energy Services Texas, LLC ("Defendant"), and that Defendant improperly misclassified him and other supervisors as salaried employees and exempt from the requirements of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216 permits an employee to bring an action against an employer "[on] behalf of himself...and other employees similarly situated." Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class. *See* FED. R. CIV. P. 23; *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995).

Accordingly, the method adopted by this Court[1] for determining whether to certify a collective action under § 216(b)—the *Lusardi* two-tiered approach—involves condi-

---

[1] The Fifth Circuit has specifically permitted district courts to apply the *Lusardi* approach at the district court's discretion, but has not formally adopted the *Lusardi* approach itself. *Mooney*, 54 F.3d at

tional certification, allowing the plaintiff to notify potential members of the action, followed by a factual determination at a second stage as to whether the putative class members are similarly situated. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987); *Mooney*, 54 F.3d at 1213–14.

In the first stage, called the notice stage, the District Court must make an initial determination whether notice of the action should be sent to potential class members. *Lusardi v. Xerox Corp.*, 118 F.R.D. at 351; *Mooney*, 54 F.3d at 1213. This determination is based solely on the pleadings and affidavits. The pleadings and affidavits must make a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Trezvant v. Fid. Employer Servs. Corp.*, 434 F. Supp. 2d 40, 43 (D. Mass. 2006). The standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and whose members receive an opportunity to opt in. "The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001); *see* U.S.C. § 216(b); *Mooney*, 54 F.3d at 1213–14.

Once conditional certification is granted, the case proceeds through discovery as a representative action. *Mooney*, 54 F.3d at 1214. Upon completion of discovery, the defendant may file a motion for decertification. *Id.* At this second stage of the analysis, the District Court should make a factual determination as to whether the putative class members are similarly situated. *Id.* If so, then the representative action may proceed; if

---

1214. This Court has previously applied the *Lusardi* approach. *See, e.g., Barrera v. MTC, Inc.*, SA-10-CV-665-XR, 2011 WL 809315 (W.D. Tex. Mar. 1, 2011), *Roche, et al. v. S-3 Pump Service Inc.*, Case No. 5:15-cv-268-XR (W. D. Tex. Jul. 9, 2015).

not, then the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives should be allowed to proceed on their individual claims. *See Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754–55 (S.D. Tex. 2004).

Here, the Court has reviewed Plaintiff's pleadings, declarations, and motion for conditional certification, to which Defendants have responded. Plaintiff seeks certification of a class as follows:

> **All former and current employees of Defendant who are or were employed as salaried Supervisors at any time since November 8, 2012**.

The Court finds that Plaintiff's allegations as stated in the Complaint and motion for class certification with attached declarations are sufficient to allow an initial conditional certification of the case as a collective action. Therefore, the Court GRANTS Plaintiff's motion for conditional certification.

To facilitate the progression of this case through a final determination of the collective action status, the Court ORDERS Defendants to provide Plaintiff with a list (in an electronic format) of the names and last known physical and email addresses, including social security numbers of all current or former employees in the classes listed above within fourteen (14) days of the date of this Order. Upon receipt of the list by Plaintiff, Plaintiff shall send to potential class members the Court-approved notice of this action with a date-specific deadline for opting-in that is ninety (90) days from the date of the mailing of the notices by email and regular mail and include a copy of the latest Complaint and most recent Answer.

The Court ORDERS Defendants to post the court-approved notice at the district offices in the same areas in which it is required to post government-required notices to

ensure current employees receive notice of the lawsuit, even if they have not kept their addresses up-to-date.

Plaintiff's counsel is ORDERED to send an email that contains the Court-approved notice and an electronic version of the Consent to Join that can be paperlessly signed by interested class members and electronically returned to Plaintiffs' counsel

Plaintiff's counsel is ORDERED to send a follow-up *Postcard* via regular U.S. Mail to any class members who have not responded thirty (30) days after the mailing of the initial court-approved notice.

SIGNED this _____ day of December, 2015.