IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANNY BRIDGEWATER, *individually and on behalf of all others similarly situated*, and COTY DAVID, *individually*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 5:15-CV-975-RP |
| GES GLADIATOR ENERGY SERVICES TEXAS, LLC, LA CHEMICAL, LLC, and STEVEN "CLOY" GRANT, *individually and as an Officer of GES GLADIATOR ENERGY SERVICES TEXAS*, | § § § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiffs' Motion for Conditional Certification, For Disclosure of Contact Information, and to Send Notices (Dkt. 5) [*hereinafter* "Plaintiffs' Motion"], filed November 13, 2015. Defendants have not timely responded to Plaintiffs' nondispositive motion. After considering Plaintiff's Motion, the applicable law, and the factual record, the Court issues the following order.

**BACKGROUND**

This is a collective action for unpaid overtime brought under the Fair Labor Standards Act (FLSA). Plaintiff Danny Bridgewater, former Supervisor of Gladiator Energy Services Texas [*hereinafter* "Gladiator"], brought this suit on behalf of all former and current salaried Supervisors of Gladiator, who were "misclassified as salaried employees and non-exempt from the requirements of the FLSA." (Complaint, Dkt. 1, at ¶ 43). According to Plaintiffs, they and others similarly situated were classified as exempt from the requirements of the FLSA and thus insufficiently compensated for the overtime they regularly worked. Based on these allegations, Plaintiffs' Complaint seeks "declaratory

1

judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs." (*Id.* ¶ 2).

Plaintiffs move the Court to conditionally certify a collective action under 29 U.S.C. § 216(b). Through conditional certification, Plaintiffs seek to issue notice to potential members of the collective action, thereby allowing them to "opt-in" to the action. *See, e.g.*, *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Defendants have not responded to Plaintiffs' Motion. Accordingly, the Motion is ripe for review.

## STANDARD OF REVIEW

An employee can bring an action for violating the overtime provisions of the FLSA either individually or as a collective action on behalf of herself and "other employees similarly situated." 29 U.S.C. § 216(b). When brought as a collective action, the plaintiff may seek "conditional class certification" from the court, which permits the plaintiff to "send[ ] [a] court-approved written notice to employees, who in turn become parties to [the] collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, —— U.S. ——, 133 S. Ct. 1523, 1527 (2013) (citations omitted).

Although the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify a class, the majority of courts within this circuit have adopted the two-stage approach articulated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See, e.g.*, *Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014) (following *Lusardi*); *Mateos v. Select Energy Servs., LLC*, 997 F. Supp. 2d 640, 643 (W.D. Tex. 2013) (same); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011) (same); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (same).

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds by Desert*

*Palace, Inc. v. Costa*, 539 U.S. 90 (2003). At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). If the court finds that the putative class members are similarly situated, then conditional certification is warranted and the plaintiff will be given the opportunity to send notice to potential class members. *Id.* After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated. *Mooney*, 54 F.3d at 1214. At that point the Court will fully evaluate the merits of the class certification.

## ANALYSIS

**The Class and the Statute of Limitations**

At the notice-stage under *Lusardi*, a plaintiff need only provide substantial allegations that class members were victims of a single decision, policy or plan. *Mooney*, 54 F.3d at 1214 n.8; *Pedigo v. 3003 S. Lamar*, LLP, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009). The issue at this stage is not whether there are dissimilarities between employees, but whether those differences will prevent the Court from adjudicating the case in a collective fashion. Plaintiffs request conditional certification and notice pursuant to the following workers:

> *All former and current employees of Gladiator who are or were employed as salaried Supervisors at any time since November 8, 2012.*

Plaintiffs have alleged that "Gladiator has a company policy of classifying its supervisors as salaried and non-exempt from the requirements of the FLSA." (Plaintiff's Motion, at 8 (citing Bridgewater Dec. ¶ 4). Plaintiffs allege not only that Plaintiffs and putative class members are similarly situated, but that they are "practically identically situated." (*Id.* at 9). The Court finds that, at this preliminary stage, Plaintiffs have sufficiently satisfied their burden to show proposed class members "are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo*,

3

600 F.3d 516, 519 (5th Cir. 2010). *Cf., e.g.*, *Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *6 (W.D. Tex. Mar. 31, 2015) (holding that for class members to be similarly situated they must be subject to common pay provisions and have similar job requirements).

The Court further finds that issuing notice to purported class members employed "at any time since November 8, 2012" is appropriate. Plaintiffs have alleged Defendants "willfully and intentionally committed violations of the FLSA". (Compl., Dkt. 1, at ¶ 3). Given an allegation of willful violation, courts routinely certify misclassification cases and send notice to the putative class using a three-year statute of limitations. *See, e.g.*, *McPherson v. LEAM Drilling Sys., LLC*, 4:14-CV-02361, 2015 WL 1470554, at *15 (S.D. Tex. Mar. 30, 2015); *Rousseau v. Frederick's Bistro, LTD*, 5: 09-CV-651-XR, 2010 WL 1425599, at *3 (W.D. Tex. Apr. 7, 2010). Accordingly, the Court finds that notice should issue according to a three-year statute of limitations.

**The Forms of Notice**

Plaintiffs move the Court to order Defendants to provide "the names and last known home, work, and email addresses of potential opt-in plaintiffs." (Plaintiffs' Motion, at 17). Plaintiffs further ask the Court to authorize sending Notice and Consent to Join forms (attached as exhibits to Plaintiffs' Motion) within ninety days (*id.* at 11); to authorize posting the notices in the district offices "in the same areas in which it is required to post government-required notices," (*id.* at 11 – 12); to provide notice via email "to any email accounts maintained by putative class members," (*id.* at 12); to "include a copy of Plaintiffs' Complaint, or any subsequent amendment thereto, along with the Notice," (*id.* at 15); and to send a "follow-up Postcard via regular U.S. Mail and a follow-up email to any class members who have not responded thirty (30) days after the mailing of the initial Notice," (*id.* at 16).

Notice is crucial to the remedial aims of the FLSA. In *Hoffman-La Roche, Inc.*, the Supreme Court emphasized the "wisdom and necessity" of notice in the early stages of collective litigation. 493 U.S. at 171. Notice is particularly important for FLSA collective actions as potential plaintiffs' statutes of

limitations continue to run unless and until a plaintiff "gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Accordingly, this Court will allow notice insofar as it reasonably facilitates the FLSA's remedial purposes.

The Court approves the Notice and Opt-In Forms, attached as exhibits 5-1 and 5-2. The Court approves transmitting the forms by paper mail or email.[1] The Court additionally approves posting the Notice in the district offices "in the same areas in which it is required to post government-required notices," (Plaintiff's Motion at 11 – 12).

However, the Court does not grant Plaintiffs the authority to send a copy of the Complaint alongside the Notice sent to potential class members. The Court finds the Notice and Consent forms to be sufficiently clear about the nature of the case and the potential plaintiffs' rights, and accordingly finds attaching copies of the Complaint to the Notice to be unnecessary.

Finally, the Court grants Plaintiffs the authority to send follow-up notices if potential plaintiffs do not respond within thirty days. This Court, like other courts in this District, has allowed plaintiffs to send identical reminder notices. *See, e.g.*, *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 516 – 17. Accordingly, the Court authorizes Plaintiffs to send out the Postcard (Dkt. 5-3) to any class members who have not responded thirty days after the mailing of the initial Notice.

## CONCLUSION

Plaintiff's Motion for Conditional Certification and Notice is GRANTED IN PART.

The Court CONDITIONALLY CERTIFIES Plaintiffs' proffered class.

The Court APPROVES the Notice and Consent forms and the reminder Postcard attached as exhibits to Plaintiffs' Motion (Dkts. 5-1, 5-2, 5-3).

---

[1] Numerous courts have found that notice via email is appropriate in FLSA collective actions. *E.g.*, *Jones v. JGC Dallas LLC*, 3:11-CV-2743, 2012 WL 6928101, at *5 n.9 (N.D. Tex. Nov. 29, 2012). As this Court said in *Rodriguez v. Stage 3 Separation, LLC*, "[e]mail is not the wave of the future; [it] is the wave of the last decade and a half," and it is particularly important in a case such as this one, involving field operators and technicians, who may be away from home. 5:14-CV-603-RP, at 2 n.1 (W.D. Tex. Mar. 16, 2015).

The Court ORDERS Defendants to provide the names and last known home, work, and email addresses of potential opt-in plaintiffs.

The Court AUTHORIZES Plaintiffs to send the Notice and Consent forms by paper and email. The Court AUTHORIZES Plaintiffs to send out the Postcard to any class members who have not responded thirty days after the mailing of the initial Notice.

The Court further ORDERS Defendants to post the Notice forms in the district offices in the same areas in which it is required to post government-required notices.

The Court DENIES Plaintiffs' request to attach a copy of the live or any amended complaints to Plaintiffs' Notice.

Signed December 22, 2015.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE